UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PROGRESSIVE CASUALTY INSURANCE COMPANY,

    Plaintiff,

 v.

DELANEY; et al.,

    Defendants.

2:11-CV-0678-LRH-PAL

ORDER

Before the court is plaintiff Progressive Casualty Insurance Company's ("Progressive") motion for summary judgment. Doc. #20.[1]

**I.**   **Facts and Procedural History**

This is a declaratory relief action brought by plaintiff Progressive against defendants to determine whether a company liability insurance policy issued by Progressive to defendant Sun West Bank covers an underlying claim made by the Federal Deposit Insurance Corporation ("FDIC") against Sun West Bank's board of directors.

On April 29, 2011, Progressive filed the underlying complaint for declaratory relief. Doc. #1. Shortly thereafter, prior to any discovery, Progressive filed the present motion for summary judgment. Doc. #20.

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

///

2

### III.  Discussion

As a preliminary matter, this court finds the present motion for summary judgment premature as discovery in this matter has not yet begun. The court recognizes that the underlying insurance dispute is directly tied to the FDIC's claim against Sun West Bank's board of directors. Thus, it is important for the court to have all of the details surrounding that claim before it. Yet, the circumstances surrounding that claim are still being developed and that the specificity of the facts, including the timeliness of the FDIC's claim, will impact the application and interpretation of the terms and conditions of the underlying insurance policy. Therefore, the court finds that it cannot determine the application of certain insurance provisions as requested in Progressive's motion solely on the extremely limited record currently before the court. Accordingly, the court shall deny Progressive's motion for summary judgment without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #20) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 20th day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE