MORRIS LAW GROUP
Robert McCoy, N o. 9121
Email: rrm@morrislawgroup.com
Joni A. Jamison, No. 11614
Email: jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400

LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson (*pro hac vice*)
Email:  eolson@lhlaw.com
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
Telephone:  (949) 419-8713

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Email:  reidya@dicksteinshapiro.com
Catherine J. Serafin (*pro hac vice*)
Email:  serafinc@dicksteinshapiro.com
Joseph M. Saka (*pro hac vice*)
Email:  sakaj@dicksteinshapiro.com
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200

Attorneys for Intervenor Federal Deposit
Insurance Company as Receiver for
Sun West Bank

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

     Plaintiff,

     v.

JACKIE K. DELANEY; LARRY E.
CARTER; MARK A. STOUT;
KENNETH TEMPLETON; JOHN

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:11-cv-00678-LRH-PAL

**JOINT PROPOSED ESI
PROTOCOL**

SHIVELY; STEPHEN C. KALB; )
JEROME F. SNYDER; HUGH )
TEMPLETON; and RICK )
DRESCHLER, )
                         )
         Defendants. )
                         )

         Plaintiff and Defendants have conferred regarding the production of electronically stored information in their possession, custody, or control ("ESI"), agree to the following, and respectfully move the Court to enter an Order approving the same.

         1.      As used herein, "Plaintiff" or "Progressive" means Progressive Casualty Insurance Company, "FDIC-R" means the FDIC in its capacity as Receiver of Sun West Bank ("Sun West" or the "Bank"), and "Ds & Os" means Defendants Jackie K. Delaney, Larry E. Carter, Mark A. Stout, Kenneth Templeton, John Shively, Stephen C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler.  As used herein, the words "Party" or "Parties" include Plaintiff, FDIC-R, and the Ds & Os.

         2.      This Protocol, including the provisions set forth in Exhibit A, applies to the ESI provisions of Fed. R. Civ. P. 16, 26, 33, 34, and 37. Insofar as it relates to ESI, this Protocol also applies to Fed. R. Civ. P. 45, if agreed to by the recipient of any subpoena issued pursuant to that rule, in all instances in which the provisions of Fed. R. Civ. P. 45 are the same as, or substantially similar to, the provisions of Fed. R. Civ. P. 16, 26, 33, 34, or 37. Nothing contained herein modifies Fed. R. Civ. P. 45 and, specifically, the provision of Rule 45(c)(2)(B) regarding the effect of a written objection to inspection or copying of any or all of the designated materials or premises. The Parties agree that this Protocol will serve as a guideline for any subpoena for documents issued to ABA Insurance Services Inc. ("ABAIS"), Progressive's managing general agent, in this matter.  The Parties shall

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

1  meet and confer regarding the appropriateness of this Protocol with respect
2  to any subpoena to ABAIS.  Nothing in this Protocol shall be deemed to
3  constitute a waiver of any objections ABAIS may have with respect to any
4  such subpoena.  Nothing in this Protocol shall be deemed to prevent a
5  Party from seeking the Court's intervention with respect to any issues that
6  may arise regarding the application of this Protocol to a subpoena issued to
7  ABAIS and/or any objections ABAIS may have with respect to any such
8  subpoena if the Parties are unable to resolve any such issues or objections
9  without the Court's assistance.  Likewise, nothing in this Protocol shall be
10  deemed to prevent any other Party from opposing any relief sought from
11  the Court.

12         3.      In this Protocol, the following terms have the following
13  meanings:

14              A.      "Metadata" means: (i) information embedded in a
15  Native File, including but not limited to the information identified in
16  Exhibit A hereto, that is not ordinarily viewable or printable from the
17  application that generated, edited, or modified such Native File; and (ii)
18  information generated automatically by the operation of a computer or
19  other information technology system when a Native File is created,
20  modified, transmitted, deleted, or otherwise manipulated by a user of such
21  system.  Metadata is a subset of ESI.

22              B.      "Native File(s)" means ESI in the electronic format
23  of the software application in which such ESI is normally created, viewed,
24  and/or modified. Native Files are a subset of ESI.  Native Files include, but
25  are not limited to, the files identified in Exhibit A.

26              C.      "Static Image(s)" means a representation of ESI
27  produced by converting a Native File, including but not limited to the
28  types of files identified in Exhibit A, into a standard image format capable

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

of being viewed and printed on standard computer systems. In the absence of agreement of the Parties or order of Court, a Static Image, when provided, should be provided in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format (TIFF or .TIF files). If a TIFF or .TIF file cannot be created, then the Static Image should be provided in Portable Document Format (PDF).

4.    Notwithstanding the protocols set forth in this Protocol, each Party shall produce any and all ESI it intends to rely upon in support of any claim or defense with respect to this matter.

5.    In accordance with Federal Rule of Evidence 502(d), to the extent any Party or subpoena recipient discloses a communication or information covered by the attorney-client privilege, work-product doctrine, or any other applicable privilege(s) or protection(s) (collectively "Privilege") that Privilege is not waived by disclosure connected with the litigation pending before the Court, and the disclosure is also not a waiver in any other federal or state proceeding. Upon discovery by any Party or recipient of a subpoena that produces documents subject to this Protocol that it inadvertently disclosed materials it believes to be protected by Privilege, that Party or subpoena recipient shall promptly notify all Parties or their counsel in writing of the disclosure, identify the document that contains or consists of material believed to be Privileged, and immediately take steps to prevent further disclosure of such material. The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the Parties and any subpoena recipient that produces documents subject to this Protocol with respect to any such material. Similarly, if any Party receives ESI from a producing Party or subpoena recipient that it reasonably believes the producing Party or subpoena recipient may have inadvertently produced because it clearly contains information that may be protected by the

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

attorney-client privilege, work-product doctrine, or any other privileges or protections, the receiving Party shall notify the producing Party or subpoena recipient that it believes that such ESI may have been inadvertently produced.  The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the Parties and any subpoena recipients that produce documents subject to this Protocol with respect to any such material.  To the extent the Parties or subpoena recipients disagree regarding the application of these principles to any such material, or challenge the privileged nature of such material, the receiving Parties shall not make use of the material in question until the matter is resolved by the Court.

6.      Nothing in this Protocol requires Progressive, FDIC-R, or the Ds & Os to produce again information that was produced before this action was commenced and/or before this Protocol has been entered by the Court.  The Parties reserve the right to address how to deal with any productions made before the action commenced.

7.      The Parties have discussed whether the Party receiving ESI should be required to pay to the Party producing ESI six cents ($0.06) per Static Image for all ESI produced in Static Image format.  The Parties have agreed to defer resolution of this issue until a later date.  In the event that the Parties are unable to reach agreement regarding this issue, all Parties reserve the right to raise this issue with the Court if they deem it to be necessary.  Moreover, nothing in this Protocol shall be deemed to constitute a waiver of any Party's right to do so or a waiver of any Party's right to contest any such effort.  Other than the six cents ($0.06) per page addressed in this Paragraph, the Parties agree that all other costs associated with the production of ESI shall be borne by the producing Party unless otherwise specified in this Protocol.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

8.  Nothing in this Protocol shall preclude any Party from seeking any documents in discovery.  However, except for good cause shown, further agreement of the Parties, or as provided in this Protocol, the procedures set forth in this Protocol shall be the only way in which ESI shall be retrieved and produced in this matter.

9.      The Parties shall exchange a list of electronic data sources that will be searched for relevant ESI and a list of all custodians whose electronic files will be searched for relevant ESI.  Absent agreement among the Parties otherwise, all searches shall be run against all electronic data sources and custodians' files disclosed by the producing Party.  In the event a specific search for ESI will be run against only certain discrete data sources or a subset of custodians' files, then the Parties shall exchange a list of the discrete data sources and/or the subset of custodians' files that will be searched.  If a Party contends the production of materials sought from one or more custodians is unduly burdensome or that the list of custodians whose electronic files will be searched is too broad or too narrow, the Parties agree to meet and confer to attempt to resolve the issue.  Nothing in this Protocol shall prevent a Party from seeking the Court's intervention with respect to any such issue if the Parties are unable to resolve it themselves or from preventing any other Party from opposing any relief sought.

**PROGRESSIVE ESI**

10.      Progressive represents it is in possession, custody, or control of the following categories of ESI: (1) Email; (2) General Documents; (3) Website Documents; and (4) Progress Documents.  "General Documents" consists of all electronic documents that may include relevant ESI not encompassed solely in categories (1), (3), or (4).  In addition to the foregoing, Progressive has certain ESI stored on backup tapes ("Backup

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

Documents"). Upon restoration from backup, Backup Documents also would be in Progressive's possession. Backup Documents are addressed in Paragraph 17 below. Progressive represents that, to the best of its knowledge, this is a full, complete, and accurate listing of all categories of ESI from which materials relevant to this action may be retrieved. FDIC-R and the Ds & Os reserve the right to seek additional ESI in the possession, custody, or control of Progressive or ABAIS, and nothing contained herein shall be deemed to constitute a waiver of their right to do so. Progressive and ABAIS reserve the right to object to any efforts by FDIC-R or the Ds & Os to seek any such additional ESI, to the extent it exists.

11.     Subject to the terms of this Protocol, including, but not limited to, Paragraph 9, and the Confidentiality Agreement and Stipulated Protective Order in this matter (Docket No. 63), and pursuant to an Order of this Court which shall be deemed made by approval of this Protocol, Progressive shall produce relevant, non-privileged documents in categories (1) and (2), collectively referred to as the "Progressive Searchable ESI," in accordance with the procedures set forth in this Protocol and in the format specified in Exhibit A hereto. Progressive shall produce relevant, non-privileged ESI in category (3) as specifically addressed in Paragraph 15 below. Progressive shall produce relevant, non-privileged ESI in category (4) as specifically addressed in Paragraph 16 below.

12.     The Parties shall collectively agree upon a reasonable set of search terms to run across the processed Progressive Searchable ESI. If the Parties are unable to agree upon search terms after conferring in good faith, any Party may raise the issue with the Court by motion. In order to facilitate the good faith negotiation of search terms among the Parties, with respect to any search term requested by FDIC-R or the Ds & Os but objected to by Progressive on the grounds that it is overly broad or unduly

MORRIS LAW GROUP · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
900 BANK OF AMERICA PLAZA · 702/474-9400 · FAX 702/474-9422

1   burdensome, Progressive shall provide search term hit reports to FDIC-R

2   and the Ds & Os which identify the number of unique documents that hit

3   upon each identified search term requested by FDIC-R or the Ds & Os and

4   objected to by Progressive.  This search term process will be iterative and

5   therefore might require several iterations of revised search terms and hit

6   reports.  If requested by FDIC-R or the Ds & Os with respect to any search

7   term to which Progressive objects on the grounds that it is overly broad or

8   unduly burdensome, Progressive shall also produce statistically random

9   subsets of search-term-positive, non-privileged data for FDIC-R and the Ds

10  & Os to assess the utility of the search terms prior to final agreement on

11  search terms ("test production"). The Parties shall meet and confer to

12  determine the specific parameters of the test production, including, but not

13  limited to, the sample size and data sources from which the test production

14  will be derived.  The Parties reserve the right to seek the Court's

15  intervention with respect to such issues if they are unable to reach

16  agreement. To the extent there is a dispute among the Parties regarding

17  documents retrieved by the search terms that Progressive does not

18  produce, or an issue arises regarding the timeliness of Progressive

19  producing the documents, the Parties shall meet and confer and determine

20  whether there are ways to resolve the dispute without Court intervention.

21  In the event that the Parties are unable to reach agreement regarding this

22  issue, all Parties reserve the right to raise the issue with the Court.

23  Progressive shall also provide FDIC-R and the Ds & Os with an exception

24  report listing any data that could not be searched or processed ("Exception

25  Documents").  The report shall include, without limitation, the file

26  extension for each Exception Document contained in the report.

27          13.     After the Parties have agreed upon search terms or

28  established search terms with the assistance of the Court, Progressive shall

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

1   apply the search terms to the documents in categories (1) and (2), review

2   the documents retrieved, and produce to FDIC-R and the Ds & Os, at its

3   option, either all non-privileged documents captured by the agreed-upon

4   search terms or all non-privileged documents captured by the agreed-upon

5   search terms that are responsive to FDIC-R's or the Ds' & Os' document

6   requests and relevant pursuant to the Federal Rules of Civil Procedure,

7   subject to any proper objections Progressive may have to such requests.

8   Progressive shall advise FDIC-R and the Ds & Os which option it selects.

9   FDIC-R and the Ds & Os agree that Progressive need not review the

10  documents captured by the agreed-upon search terms for relevance or

11  responsiveness prior to production but that Progressive may do so at its

12  option.  Progressive shall advise FDIC-R and the Ds & Os whether it has

13  reviewed documents for relevance or responsiveness prior to production

14  and, if so, whether it has withheld documents on the grounds that they are

15  not relevant or responsive.  Progressive shall produce documents in the

16  format specified in Exhibit A.  The Parties agree that Progressive will, as

17  practicable, produce documents on a rolling basis and will produce

18  documents as soon as practicable after the Parties have agreed upon search

19  terms or established search terms with the assistance of the Court.  To the

20  extent Progressive does not produce documents retrieved by the agreed-

21  upon search terms based on its determination that such documents are not

22  relevant or an issue arises regarding the timeliness of Progressive's

23  production, the Parties shall meet and confer and determine whether there

24  are ways to resolve the issue without Court intervention.  In the event that

25  the Parties are unable to reach agreement regarding this issue, all Parties

26  reserve the right to raise the issue with the Court.

27          14.     The Parties may make multiple, reasonable requests for

28  production of ESI utilizing this process.  In the event the producing party

believes a subsequent request is not reasonably calculated to lead to the

discovery of admissible evidence and objects to the subsequent request,

then the burden shall be on the requesting party to demonstrate that such

subsequent request is reasonable and necessary.

15. Progressive represents that ESI in category (3), Website

Documents, consists of: (a) the website located at http://www.abais.com

as of August 20, 2012 (the "ABAIS Website"); (b) previous iterations of the

ABAIS Website, if any, maintained by ABAIS; (c) the website located at

http://banks.progressive.com as of March 8, 2013 (the "Progressive

Website"); and (d) previous iterations of the Progressive Website, if any,

maintained by ABAIS or Progressive.  Progressive shall produce the ABAIS

Website (item (a)) and the Progressive Website (item (c)) in a form that will

allow them to be viewed in their entirety in a standard web browser, i.e.,

Internet Explorer, Firefox, Chrome.  Progressive shall produce previous

iterations of the ABAIS Website (item (b)), if any, and previous iterations of

the Progressive Website (item (d)), if any, in this same form where

available and, when not available in a readable electronic format, by

printing out copies and producing them in accordance with the procedures

for producing physical documents agreed to by the Parties.  Progressive

shall produce all documents within category (3) as soon as practicable after

execution of this Protocol by all Parties.

16. Progressive represents that ESI in category (4), Progress

Documents, consists of documents maintained in a proprietary computer

system utilized by Progressive, commonly referred to as "Progress."

Among other things, Progress contains information also contained in

physical copies of Progressive's claim and underwriting files.  Progressive

represents that ESI stored in Progress is not amenable to production as ESI

in accordance with the terms of this Protocol.  Therefore, Progressive shall

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

produce all relevant, non-privileged documents and information stored in
Progress, that it is not otherwise producing as part of its production of
physical documents, in a manner that most accurately reflects the
appearance and content of such documents when viewed using the
Progress software.  At the time it produces such documents, Progressive
shall provide a description of the manner in which it selected or procured
them and of the ways in which the appearance or content of the documents
as produced differs from the appearance or content of the documents when
viewed using Progress.  Nothing in this paragraph shall be deemed to
constitute acknowledgement or agreement by FDIC-R or the Ds & Os
concerning Progressive's representation that ESI stored in Progress is not
amenable to production as ESI in accordance with the terms of this
Protocol.  Further, the Parties reserve the right to re-address the
methodology of how ESI in this category is produced in the event it can be
produced in its electronic format.  In the event that the Parties are unable to
reach agreement regarding this issue, all Parties reserve the right to raise
this issue with the Court if they deem it to be necessary.  Moreover,
nothing in this Protocol shall be deemed to constitute a waiver of any
Party's right to do so or a waiver of any Party's right to contest any such
effort.  Progressive shall produce all documents within category (4) as soon
as practicable after execution of this Protocol by all Parties.

       17.     Progressive represents that Backup Documents consist of
documents maintained by Progressive on backup tapes.  Progressive shall
provide to FDIC-R and the Ds & Os a description of ESI maintained solely
in the form of Backup Documents.  Progressive contends that Backup
Documents are not readily available and that the production of Backup
Documents by Progressive would be unduly burdensome and would
require the expenditure of significant time and resources.  For that reason,

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

Progressive does not intend to produce Backup Documents.  In the event that FDIC-R or the Ds & Os believe that Progressive should produce such documents, they may file a motion with the Court seeking an order compelling such production.  Nothing contained herein shall be deemed to constitute a waiver of their right to do so or a waiver of Progressive's right to contest any such motion.

18.     Progressive has converted, or will convert, to electronic format, ESI, relevant documents that exist solely in physical, hard-copy format.  With respect to hard-copy documents Progressive converted to ESI prior to the execution of this Protocol in this matter, such documents were subject to an Optical Character Recognition ("OCR") process when they were collected.  To the extent not previously produced by Progressive prior to execution of this Protocol, Progressive shall produce such relevant, non-privileged ESI in the format specified in Exhibit A along with metadata created when the hard-copy documents were converted to ESI, if any.  For purposes of this paragraph, metadata means the following: (1) Custodian (Name of Custodian from whom the document was collected); (2) Author; (3) Doc Title (Title of file or email subject); (4) Doc Date (Visible data on loose files or Sent Date on emails); (5) Doc Type; (6) Page Count; (7) Bates Begin (Beginning Production Number); and (8) Bates End (Ending Production Number).  Progressive shall not be required to create metadata with respect to such hard-copy documents that does not presently exist.  The load file shall indicate document breaks.  With respect to relevant, hard-copy documents Progressive has not yet converted to ESI, Progressive will convert such documents to ESI and shall subject them to an OCR process.  Progressive shall produce such relevant, non-privileged ESI in the format specified in Exhibit A.  The load file shall indicate document breaks, and, where readily available, the metadata created when the hard-copy

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

MORRIS LAW GROUP • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
900 BANK OF AMERICA PLAZA • 702/474-9400 • FAX 702/474-9422

1  documents were converted to ESI.  Nothing in this paragraph shall be

2  deemed to require Progressive to produce again any hard-copy documents

3  it produced prior to execution of this Protocol, regardless whether its prior

4  production(s) conformed to the requirements of this Protocol.

5      19.    Documents withheld by Progressive on the basis of

6  privilege, work product, or any other privilege or protection shall be

7  logged, and Progressive shall provide the log to FDIC-R and the Ds & Os

8  together with Progressive's ESI production or within thirty (30) days after

9  its  production of the ESI material the privileged documents relate to.

**FDIC-R ESI**

11      20.    FDIC-R represents it is in possession, custody, or control

12  of ESI related to Sun West Bank ("SWB ESI").  The SWB ESI includes the

13  following databases: (1) S5 Forensic Data; (2)  S5 Scanned Documents; (3)

14  S5 Forensic Data Email; (4) various loan-related databases ( S5 Director

15  Loan Reports, S5 Laserpro Loan Origination Information, S5 OMS Loan

16  Info); and (5) network file shares database (S5 Fileshares).  A complete list

17  of available databases is attached hereto as Exhibit B.  FDIC-R represents

18  that, to the best of its knowledge, Exhibit B is a full, complete, and accurate

19  listing of all categories of ESI from which materials relevant to this action

20  may be retrieved.  As it relates to ESI in the possession or control of FDIC-

21  R, this Protocol applies only to SWB ESI as defined herein.  Progressive and

22  the Ds & Os reserve the right to seek additional ESI in the possession,

23  custody, or control of the FDIC and/or FDIC-R, and nothing contained

24  herein shall be deemed to constitute a waiver of their right to do so.  FDIC-

25  R and the FDIC-Corporate reserve the right to object to any efforts to seek

26  any such additional ESI, to the extent it exists.

27      21.    Subject to the terms of this Protocol, including, but not

28  limited to, Paragraph 9, and the Confidentiality Agreement and Stipulated

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101

702/474-9400 · FAX 702/474-9422

1    Protective Order in this matter (Docket. No. 63), and pursuant to an Order

2    of the Court which shall be deemed made by approval of this Protocol,

3    FDIC-R shall produce relevant, non-privileged documents from databases

4    (1) through (4) in accordance with the procedure set forth in this Protocol

5    and in the format specified in Exhibit A hereto.

6              22.    The Parties shall collectively agree upon a reasonable set

7    of search terms to run across the processed SWB ESI.  If the Parties are

8    unable to agree upon search terms after conferring in good faith, any Party

9    may raise the issue with the Court by motion.  In order to facilitate the

10   good faith negotiation of search terms among the Parties, with respect to

11   any search term requested by Progressive or the Ds & Os but objected to by

12   FDIC-R on the grounds that it is overly broad or unduly burdensome,

13   FDIC-R shall provide search term hit reports to Progressive and the Ds &

14   Os which identify the number of unique documents that hit upon each

15   identified search term requested by Progressive or the Ds & Os and

16   objected to by FDIC-R.  This search term process will be iterative and

17   therefore might require several iterations of revised search terms and hit

18   reports.  If requested by Progressive or the Ds & Os with respect to any

19   search term to which FDIC-R objects on the grounds that it is overly broad

20   or unduly burdensome, FDIC-R shall also produce statistically random

21   subsets of search-term-positive, non-privileged data for Progressive and

22   the Ds & Os to assess the utility of the search terms prior to final agreement

23   on search terms ("test production").  The Parties shall meet and confer to

24   determine the specific parameters of the test production, including, but not

25   limited to, the sample size and data sources from which the test production

26   will be derived.  The Parties reserve the right to seek the Court's

27   intervention with respect to such issues if they are unable to reach

28   agreement.  FDIC-R shall also provide Progressive and the Ds & Os with

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

1  an exception report listing any data that could not be searched or processed

2  ("Exception Documents"). The report shall include, without limitation, the

3  file extension for each Exception Document contained in the report.

4       23.   After the Parties have agreed upon search terms or

5  established search terms with the assistance of the Court, FDIC-R shall

6  apply the search terms to the documents in databases (1) through (4) and,

7  at its option, may perform an initial review of the documents captured by

8  the search terms for privilege, responsiveness, or relevance pursuant to the

9  Federal Rules of Civil Procedure. FDIC-R shall make the documents

10  available to Progressive and the Ds & Os in an online Relativity database as

11  soon as practicable after the Parties have agreed upon search terms or

12  established search terms with the assistance of the Court. FDIC-R shall

13  advise Progressive and the Ds & Os whether it has reviewed documents for

14  privilege, responsiveness, or relevance prior to making them available in

15  Relativity and, if so, whether there are any documents retrieved by the

16  search terms that FDIC-R is not making available to Progressive and the Ds

17  & Os based on that review. To the extent there is a dispute among the

18  Parties regarding documents retrieved by the agreed-upon search terms

19  that FDIC-R does not make available in Relativity or an issue arises

20  regarding the timeliness of FDIC-R making documents available in

21  Relativity, the Parties shall meet and confer and determine whether there

22  are ways to resolve the dispute without Court intervention. In the event

23  that the Parties are unable to reach agreement regarding this issue, all

24  Parties reserve the right to raise the issue with the Court. The Parties agree

25  that FDIC-R is not required or obligated to conduct a relevancy,

26  responsiveness, or privilege review on the documents captured by the

27  agreed-upon search terms prior to making the documents available on

28  Relativity. The Parties further agree that FDIC-R will not be deemed to

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

have waived any privilege by not conducting a privilege review before making documents available on Relativity. Once FDIC-R has made documents available to Progressive and the Ds & Os on Relativity, Progressive and the Ds & Os will review the documents made available by FDIC-R and advise FDIC-R which, if any, of those documents they want FDIC-R to produce to them. FDIC-R shall then produce all such non-privileged documents identified by Progressive or the Ds & Os in the format specified in Exhibit A. The Parties agree that FDIC-R will, as practicable, produce documents on a rolling basis and will produce documents as soon as practicable after Progressive and/or the Ds & Os have provided notice to FDIC-R as to which documents they want produced. In the event that a dispute arises among the Parties regarding documents identified for production by Progressive and/or the Ds & Os but withheld by FDIC-R, or an issue arises regarding the timeliness of FDIC-R's production, the Parties shall meet and confer and determine whether there are ways to resolve the issue without Court intervention. In the event that the Parties are unable to reach agreement regarding this issue, all Parties reserve the right to raise the issue with the Court.

24. The Parties may make multiple, reasonable requests for production of ESI utilizing this process. In the event the producing party believes a subsequent request is not reasonably calculated to lead to the discovery of admissible evidence and objects to the subsequent request, then the burden shall be on the requesting party to demonstrate that such subsequent request is reasonable and necessary.

25. With respect to database (5), the database has not been processed or OCR'd and is not in a full text searchable form pursuant to this Protocol. Database (5) is searchable by the current limited metadata of file name and file path. FDIC-R, after the Parties have agreed-upon search

1 terms or established search terms with the assistance of the Court, shall

2 apply the search terms to the metadata available in database (5) and, at its

3 option, may perform an initial review of the documents captured by the

4 search terms for privilege, responsiveness, or relevance pursuant to the

5 Federal Rules of Civil Procedure.  As soon as practicable after the Parties

6 have agreed upon search terms or established search terms with the

7 assistance of the Court, FDIC-R shall make the documents available to

8 Progressive and the Ds & Os in an online Relativity database.  To the extent

9 there is a dispute among the Parties regarding documents retrieved by the

10 agreed-upon search terms that FDIC-R does not make available in

11 Relativity or an issue arises regarding the timeliness of FDIC-R making

12 documents available in Relativity, the Parties shall meet and confer and

13 determine whether there are ways to resolve the dispute without court

14 intervention.  The Parties agree that FDIC-R is not required nor obligated

15 to conduct a relevancy, responsiveness, or privilege review on the

16 documents captured by the agreed-upon search terms prior to making the

17 documents available on Relativity.  The Parties further agree that FDIC-R

18 will not be deemed to have waived any privilege by not conducting a

19 privilege review before making documents available on Relativity.  Once

20 FDIC-R has made documents available to Progressive and the Ds & Os on

21 Relativity, Progressive and the Ds & Os will review the documents made

22 available by FDIC-R and advise FDIC-R which, if any, of those documents

23 they want FDIC-R to produce to them.  FDIC-R shall then produce all such

24 non-privileged documents identified by Progressive or the Ds & Os in the

25 format specified in Exhibit A.  The Parties agree that FDIC-R will, as

26 practicable, produce documents on a rolling basis and will produce

27 documents as soon as practicable after Progressive and/or the Ds & Os

28 have provided notice to FDIC-R as to which documents they want

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

1   produced.  In the event that a dispute arises among the Parties regarding

2   documents identified for production by Progressive and/or the Ds & Os

3   but withheld by FDIC-R, or an issue arises regarding the timeliness of

4   FDIC-R's production, the Parties shall meet and confer and determine

5   whether there are ways to resolve the issue without Court intervention.  In

6   the event that the Parties are unable to reach agreement regarding this

7   issue, all Parties reserve the right to raise the issue with the Court.

8   Additionally, upon review of the documents produced, if Progressive or

9   the Ds & Os determine that they require OCR searches of this database, the

10   Parties will discuss and attempt to reach an agreement regarding the OCR

11   processing and production of responsive, non-privileged documents in this

12   database and the costs involved in doing so.  If the Parties are unable to

13   reach an agreement, the Parties will have the right to address issues

14   relating to this database with the Court.  Nothing contained herein shall be

15   deemed to constitute acknowledgement or agreement by Progressive or the

16   Ds & Os that the means of production of documents contained in database

17   (5) described in this paragraph are sufficient or that FDIC-R is not required

18   to OCR the documents contained in database (5) at its expense to facilitate

19   retrieval and production of relevant ESI contained in that database.

20   Nothing contained herein shall be deemed to constitute a waiver by FDIC-

21   R of its right to object to any effort by Progressive or the Ds & Os to require

22   it to OCR the documents contained in database (5).

23          26.     Progressive shall pay a monthly fee of $10 per gigabyte of

24   ESI hosted on the Relativity database until such time as Progressive

25   determines that such ESI need no longer be hosted on the Relativity

26   database and provides written notification of this to FDIC-R and the Ds &

27   Os.  Progressive will pay the monthly fee for the entire month in which it

28   provides such notification to FDIC-R and the Ds & Os.  In no event shall

MORRIS LAW GROUP • 900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

Progressive be required to pay the monthly fee for any period of time after the month of notification.  If one or more of the Ds & Os wish for such ESI to be hosted on the Relativity database after Progressive has provided such notification, the Ds & Os shall pay the monthly fee of $10 per gigabyte beginning the month after that in which Progressive provides notice to FDIC-R and the Ds & Os that such ESI need no longer be hosted in Relativity and continuing until such time as the Ds & Os notify FDIC-R that such ESI need no longer be hosted on the Relativity database.  The Ds & Os will pay the monthly fee for the entire month in which they provide such notification to FDIC-R.  In no event shall the Ds & Os be required to pay the monthly fee for any period of time after the month of notification.

27.     FDIC-R has converted, or will convert, to electronic format, ESI, relevant documents that exist solely in physical, hard-copy format.  With respect to hard-copy documents FDIC-R converted to ESI prior to the execution of this Protocol in this matter, such documents were subject to an Optical Character Recognition ("OCR") process when they were collected.  To the extent not previously produced by FDIC-R prior to execution of this Protocol, FDIC-R shall produce such relevant, non-privileged ESI in the format specified in Exhibit A along with metadata created when the hard-copy documents were converted to ESI, if any.  For purposes of this paragraph, metadata means the following: (1) Custodian (Name of Custodian from whom the document was collected); (2) Author; (3) Doc Title (Title of file or email subject); (4) Doc Date (Visible data on loose files or Sent Date on emails); (5) Doc Type; (6) Page Count; (7) Bates Begin (Beginning Production Number); and (8) Bates End (Ending Production Number).  FDIC-R shall not be required to create metadata with respect to such hard-copy documents that does not presently exist.  The load file shall indicate document breaks.  With respect to relevant,

1  hard-copy documents FDIC-R has not yet converted to ESI, FDIC-R will

2  convert such documents to ESI and shall subject them to an OCR process.

3  FDIC-R shall produce such relevant, non-privileged ESI in the format

4  specified in Exhibit A. The load file shall indicate document breaks, and,

5  where readily available, the metadata created when the hard-copy

6  documents were converted to ESI. Nothing in this paragraph shall be

7  deemed to require FDIC-R to produce again any hard-copy documents it

8  produced prior to execution of this Protocol, regardless whether its prior

9  production(s) conformed to the requirements of this Protocol.

10      28.    Documents withheld by FDIC-R on the basis of privilege,

11  work product, or similar exemption shall be logged, and the log shall be

12  provided to Progressive and the Ds & Os together with FDIC-R's ESI

13  production or within 30 days after its production of the ESI material the

14  privileged documents relate to.

<b>Ds' & Os' ESI</b>

16      29.    If the Ds & Os are in possession of any ESI that is

17  responsive to document requests issued to them by Progressive or FDIC-R,

18  including, without limitation, email and documents of various types,

19  subject to this Protocol and the Confidentiality Agreement and Stipulated

20  Protective Order in this matter (Docket. No. 63), and pursuant to an Order

21  of this Court which shall be deemed made by approval of this Protocol, the

22  Ds & Os shall produce to FDIC-R and Progressive any such non-privileged

23  ESI. With respect to any such ESI that the Ds & Os contend is protected

24  from disclosure by the attorney-client privilege, the work-product doctrine,

25  or any other applicable privileges or protections, the Ds & Os shall produce

26  to Progressive and FDIC-R a log identifying any such documents together

27  with their production of ESI or within 30 days after the production of the

28  ESI material the privileged documents relate to.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

HOWARD & HOWARD

By  /s/ Matthew J. Dendinger
 Lewis K. Loss
 Richard W. Boone, Jr.
 Matthew J. Dendinger
 Loss, Judge & Ward, LLP
 Two Lafayette Centre
 1133 21st Street, NW
 Washington, DC 20036

Thomas W. Davis, II
Howard & Howard
Wells Fargo Tower, Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169

*Counsel for Plaintiff Progressive Casualty Insurance Company*

ARMSTRONG & TEASDALE

By:  /s/ Kevin R. Stolworthy
 Kevin R Stolworthy, No. 2798
 Conor P. Flynn, No. 11569
 Armstrong Teasdale
 3770 Howard Hughes Parkway
 Suite 200
 Las Vegas, NV 89169

*Counsel for Jackie K. Delaney, Larry E. Carter, Mark A. Stout, Kenneth Templeton, John Shively, Steven C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler*

MORRIS LAW GROUP

By /s/ Andrew M. Reidy
 Robert McCoy, No. 9121
 Joni A. Jamison, No. 11614
 900 Bank of America Plaza
 300 South Fourth Street
 Las Vegas, Nevada 89101

LEE, HONG, DEGERMAN, KANG, WAIMEY
Eric D. Olson (*pro hac vice*)
1920 Main Street, Suite 900
Irvine, CA 92614

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Catherine J. Serafin (*pro hac vice*)
Joseph M. Saka (*pro hac vice*)
1825 Eye Street NW
Washington, DC 20006

*Attorneys for Federal Deposit Insurance Corporation as Receiver of Sun West Bank*

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

1

**ORDER**

2          IT IS SO ORDERED that each of the parties and their respective

3    counsel shall be governed by the terms and conditions of the above

4    agreement concerning the production of ESI documents.

5

6                                    _____

7                                    UNITED STATES MAGISTRATE JUDGE

8                                    DATED: _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422