MORRIS LAW GROUP
Robert McCoy, No. 9121
Email:  rrm@morrislawgroup.com
Joni A. Jamison, No. 11614
Email:  jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400

LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson (*pro hac vice*)
Email:  eolson@lhlaw.com
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
Telephone:  (949) 419-8713

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Email:  reidya@dicksteinshapiro.com
Catherine J. Serafin (*pro hac vice*)
Email:  serafinc@dicksteinshapiro.com
Joseph M. Saka (*pro hac vice*)
Email:  sakaj@dicksteinshapiro.com
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200

Attorneys for Intervenor Federal Deposit
Insurance Company as Receiver for
Sun West Bank

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACKIE K. DELANEY; LARRY E. CARTER; MARK A. STOUT; KENNETH TEMPLETON; JOHN | Case No. 2:11-cv-00678-LRH-PAL<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SUN WEST BANK'S MOTION TO COMPEL PROGRESSIVE CASUALTY INSURANCE COMPANY'S TIMELY PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| SHIVELY; STEPHEN C. KALB; JEROME F. SNYDER; HUGH TEMPLETON; and RICK DRESCHLER, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Pursuant to Fed. R. Civ. P. 37 and LR 26-7, the Federal Deposit Insurance Corporation as Receiver for Sun West Bank ("FDIC-R") moves the Court for an order compelling Progressive Casualty Insurance Company ("Progressive") timely to complete its production of documents. Although FDIC-R served its discovery requests on Progressive on June 14, 2013, FDIC-R has yet to receive the vast majority of Progressive's production and has not yet received any of the documents that Progressive agreed to produce pursuant to the ESI protocol entered by the Court in this case on October 24, 2013. *See* Order (#67). At the same time, Discovery is scheduled to close on March 14, 2014.

Because less than three months remain in discovery, FDIC-R respectfully requests the Court grant its Motion to Compel and enter an order (1) compelling Progressive to commence its production of responsive ESI immediately, (2) compelling Progressive to complete its production of documents no later than January 24, 2014, and (3) granting FDIC-R any further relief as the Court deems just and proper. FDIC-R has attempted to

resolve this dispute without the Court's intervention. Its efforts are detailed in the Declaration of Joseph Saka that is attached as Exhibit A.

MORRIS LAW GROUP

By  /s/ Robert McCoy
   Robert McCoy, No. 9121
   Joni A. Jamison, No. 11614
   900 Bank of America Plaza
   300 South Fourth Street
   Las Vegas, Nevada  89101


LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson *(pro hac vice)*
3501 Jamboree Road, Suite 6000
Newport Beach, California  92660

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy *(pro hac vice)*
Catherine J. Serafin *(pro hac vice)*
Joseph M. Saka *(pro hac vice)*
1825 Eye Street NW
Washington, DC  20006

Attorneys for Intervenor Federal Deposit Insurance Company as Receiver for Sun West Bank

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Although FDIC-R served its discovery requests on Progressive on June 14, 2013, FDIC-R has yet to receive the vast majority of Progressive's production and has not yet received any of the documents that Progressive agreed to produce pursuant to the ESI protocol entered by the Court in this case on October 24, 2013.  *See* Order (#67).  At the same time, Discovery is scheduled to close on March 14, 2014.  With less than three months remaining in discovery, FDIC-R seeks an order compelling Progressive to commence rolling productions of all responsive documents immediately, and to complete its production on or before January 24, 2014.

## II. FACTUAL BACKGROUND

On April 29, 2011, Progressive filed this action against the former directors and officers of Sun West Bank (the "Ds&Os") seeking a declaratory judgment that Progressive has no duty to pay defense costs or indemnify the Ds&Os in connection with FDIC-R's claims.  FDIC-R subsequently intervened.  FDIC-R's answer denies that Progressive is entitled to the requested relief and asserts numerous affirmative defenses, including that Progressive's representations about the scope of coverage in their marketing materials, in regulatory filings, to the purchasers of the Policy, or in the market place contradict the positions Progressive has asserted in this lawsuit.  Answer (#30).

Earlier in this action and prior to any discovery, Progressive moved for summary judgment (#20).  In its response (#32), FDIC-R argued, among other things, that summary judgment was premature based on the undeveloped and incomplete record.  The Court agreed.  In denying Progressive's motion, the Court ruled that the motion was "premature as discovery in this matter ha[d] not yet begun" and that the Court could not

"determine the application of certain insurance provisions in Progressive's motion solely on the extremely limited record currently before the court." Order (#44) at 3.

After the Court denied summary judgment, the case was stayed until May 2013.[1]  After the stay ended, the parties agreed to and the court entered a new scheduling order for this case, which called for a nine-month discovery period to be completed by March 14, 2014.  Sched. Order (#61). On June 14, 2013, FDIC-R served its first set of requests for production of documents, its first set of interrogatories, and its first set of requests for admission on Progressive.  *See* FDIC-R's Mot. to Compel, (#68-1), Ex. A.

On October 22, 2013, the parties also reached an agreement (#65) to facilitate and govern the production of ESI in this case.  In that agreement, which was entered by the Court on October 24, 2013, Progressive agreed that it would begin producing documents as soon as practicable after the executive of the Protocol.  Specifically, Progressive represented that "it is in possession, custody, or control of the following categories of ESI: (1) Email; (2) General Documents; (3) Website Documents; and (4) Progress Documents." *Id.* at 6.  Progressive agreed to produce Progressive Documents and Website Documents as soon as practicable.  *Id.* at 10-11.  With respect to Email and "General Documents," Progressive agreed to "produce documents on a rolling basis and [to] produce documents as soon as practicable after the Parties have agreed upon search terms or established search terms with the assistance of the Court." *Id.* at 8-9.

Unfortunately, however, FDIC-R has not to date received any of the agreed-upon ESI.  In fact, Progressive did not produce *any*

---

[1] The Court granted the parties' Joint Stipulation and Order to Stay Proceedings on October 19, 2012 (#48).  The stay was lifted on May 1, 2013.

responsive documents to FDIC-R until December 16, 2013, nearly six months after FDIC-R served its discovery requests and two months after the October 22, 2013 agreement.  Ex. A, Decl. of Joseph Saka ("Saka Decl."), at ¶ 5.  That production, which was made in response to this Court's December 11, 2013 Minute Order, however, included only claims files for eleven non-failed-bank matters that involve the unpaid loan carve out from the definition of "Loss" in Progressive's standard policy form.  *Id.*, Ex. 5.

        FDIC-R repeatedly has requested that Progressive promptly complete its production and comply with the ESI Protocol.  To that end, shortly after the ESI Protocol was entered, FDIC-R submitted search terms to Progressive on November 12.  *Id.*, Ex. 1.  When Progressive did not respond with results, FDIC-R repeated its requests for results on November 27, December 13, and December 17.  *Id.*, Ex. 2.   Finally, on December 17, Progressive provided FDIC-R with a Consolidated Hit Report outlining the number of documents Progressive's search for ESI retrieved.  *Id.*, Ex. 3.  Progressive's response, however, did not indicate when Progressive would be producing responsive documents, so FDIC-R asked (1) whether Progressive would be moving forward with its production, and (2) when Progressive anticipated it would complete its production.  *Id.*, Ex. 4.  Rather than providing answers, Progressive instead indicated it would provide a new proposal regarding its ESI production at a meeting in January, but did not reveal when it anticipated completing its production.  *Id.* at ¶ 8.  On December 27, 2013, counsel for FDIC-R and counsel for Progressive spoke by telephone regarding FDIC-R's request for a date by which Progressive would complete its production.  *Id.* at ¶ 9.  During that teleconference, Progressive indicated again that it would make its proposal regarding the production of ESI at a meeting in January, at which point Progressive would discuss the guidelines, logistics, and timeline for its ESI

production. *Id.* Progressive's counsel, however, would not provide information as to when its production would be complete. *Id.*

With less than three months remaining in discovery, FDIC-R is extremely concerned that there will not be sufficient time for discovery unless FDIC-R receives Progressive's complete production immediately. This problem is compounded by the fact that Progressive has moved to block certain depositions in this case until its production is complete.[2]

### III. ARGUMENT

Fed. R. Civ. P. 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling . . . production . . . if: . . . a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

As noted above, Progressive previously committed to producing its documents as soon as practicable, and some on a rolling basis. Progressive, however, has ignored those commitments. To date, FDIC-R has not yet received any of the documents Progressive agreed to produce as part of the ESI protocol. Despite FDIC-R's requests that Progressive establish deadlines for production, FDIC-R has no assurance that Progressive will timely produce any documents absent an Order from this Court. Given that less than three months remain in discovery, FDIC-R seeks an order compelling Progressive to commence its production of

---

[2] FDIC-R, for instance, noticed the deposition of Patricia Williams, a Senior Account Executive at Progressive's claims agent ABA Insurance Services ("ABAIS"). Progressive filed a motion for protective order in the District of Columbia seeking to either: (1) block Ms. Williams' deposition by tying the date of the deposition to the time Progressive produces its documents; or (2) obtain an advance order precluding any future deposition of Ms. Williams. *See Progressive Cas. Ins. Co. v. FDIC as Receiver for Sun West Bank*, No. 1:13-mc-1043 (D.D.C.). The FDIC-R in the interim has moved forward with the depositions of several third parties.

responsive ESI immediately and to complete its production of documents no later than January 24, 2014.

## IV. CONCLUSION

For these reasons, FDIC-R respectfully requests the Court grant its Motion to Compel and enter an order (1) compelling Progressive to commence its production of responsive ESI immediately, (2) compelling Progressive to complete its production of documents no later than January 24, 2014, and (3) granting FDIC-R any further relief as the Court deems just and proper.

MORRIS LAW GROUP

By   /s/ Robert McCoy
 Robert McCoy, No. 9121
 Joni A. Jamison, No. 11614
 900 Bank of America Plaza
 300 South Fourth Street
 Las Vegas, Nevada  89101

LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson (*pro hac vice*)
3501 Jamboree Road, Suite 6000
Newport Beach, California  92660

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Catherine J. Serafin (*pro hac vice*)
Joseph M. Saka (*pro hac vice*)
1825 Eye Street NW
Washington, DC  20006

Attorneys for Intervenor Federal Deposit Insurance Company as Receiver for Sun West Bank

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SUN WEST BANK'S MOTION TO COMPEL PROGRESSIVE CASUALTY INSURANCE COMPANY'S TIMELY PRODUCTION OF DOCUMENTS**

TO:

Lewis K. Loss
Email:  lloss@tljlaw.com
Matthew J. Dendinger
Email:  mdendinger@tljlaw.com
Richard W. Boone, Jr.
Email:  rboone@tljlaw.com
THOMPSON LOSS & JUDGE, LLP
1133 21st Street, NW
Washington, DC  20036

Thomas W. Davis, II
Email:  twd@h2law.com
HOWARD & HOWARD
3800 Howard Hughes Parkway
Suite 1400
Las Vegas, Nevada  89169

Attorneys for Plaintiffs

Kevin R. Stolworthy
Email:  kstolworthy@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada  89169

*Attorneys for Defendants*

Dated this 27th day of December, 2013.

By:_____