# EXHIBIT 5

# LOSS, JUDGE & WARD, LLP

TWO LAFAYETTE CENTRE
1133 21ST STREET, NW
SUITE 450
WASHINGTON, DC 20036
(202) 778-4060
FACSIMILE: (202) 778-4099
LJWLLP.COM

MATTHEW J. DENDINGER
(202) 778-4072
MDENDINGER@LJWLLP.COM

December 16, 2013

**VIA FEDEX**

Andrew Reidy
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403

Re: *Progressive Casualty Insurance Co. v. Delaney, et al.*, No. 2:11-cv-00678-LRH-PAL (D. Nev.).

Dear Andrew:

Pursuant to the court's December 10, 2013 order in the above-referenced matter, please find enclosed a copy of my November 21, 2013 letter to Tony Kirkwood, counsel for the FDIC in the matter captioned *Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corporation, as Receiver of Silver State Bank*, No. 2:12-cv-00665-KJD-PAL.

Very truly yours,

Matthew J. Dendinger

Enclosure (1)

## LOSS, JUDGE & WARD, LLP

TWO LAFAYETTE CENTRE
1133 21ST STREET, NW
SUITE 450
WASHINGTON, DC 20036
(202) 778-4060
FACSIMILE: (202) 778-4099
LJWLLP.COM

MATTHEW J. DENDINGER
(202) 778-4072
MDENDINGER@LJWLLP.COM

December 16, 2013

**<u>VIA FEDEX</u>**

Anthony W. Kirkwood
Mullin Hoard & Brown, LLP
Amarillo National Plaza Two
Suite 800
500 South Taylor, Lobby Box #213
P.O. Box 31656
Amarillo, TX 79120-1656

|     |     |     |
| --- | --- | --- |
| Re: | Policy No.: | 0007849-04 (the "Progressive Policy" or the "Policy") |
|     | Claim No.:  | 08 3630107 |
|     | Subject:    | *Progressive Casualty Insurance Co. v. FDIC, as Receiver of Silver State Bank, et al.*, No. 2:12-cv-00665 (D. Nev.). |

Dear Tony:

    Pursuant to the court's November 1, 2013 order in the above-referenced matter, enclosed with this letter is a DVD containing documents with Bates Numbers PICOC-00590 to PICOC-14722 from the claim files for the eleven non-failed-bank matters that the Progress Documents we previously produced indicate involved the loan loss carve-out. The DVD also contains a log with respect to documents we have withheld or redacted as privileged and/or work product.[1]

Very truly yours,

Matthew J. Dendinger

Enclosure (1)

---

[1] Progressive was prepared to produce these documents last Thursday, December 12, 2013. In light of the settlement discussions between Progressive and the FDIC and your December 12, 2013 email, though, we held off making this production until today. Also, in light of the court's recent order in the Sun West DJ action, *Progressive v. Delaney, et al.*, No. 2:11-cv-00678-LRH-PAL (D. Nev.), we have copied Andrew Reidy on this letter.

**LOSS, JUDGE & WARD, LLP**

Anthony W. Kirkwood
December 16, 2013
Page 2

cc:     Andrew Reidy (via FedEx)

**LOSS, JUDGE & WARD, LLP**

TWO LAFAYETTE CENTRE
1133 21ST STREET, NW
SUITE 450
WASHINGTON, DC 20036
(202) 778-4060
FACSIMILE: (202) 778-4099
LJWLLP.COM

MATTHEW J. DENDINGER
(202) 778-4072
MDENDINGER@LJWLLP.COM

November 21, 2013

**VIA FEDEX AND EMAIL (W/O ENCLOSURE)**

Anthony W. Kirkwood
Mullin Hoard & Brown, LLP
Amarillo National Plaza Two
Suite 800
500 South Taylor, Lobby Box #213
P.O. Box 31656
Amarillo, TX 79120-1656

      Re:    Policy No.:    0007849-04 (the "Progressive Policy" or the "Policy")
            Claim No.:    08 3630107
            Subject:    ***Progressive Casualty Insurance Co. v. FDIC, as Receiver of Silver State Bank, et al.***, No. 2:12-cv-00665 (D. Nev.).

Dear Tony:

      Pursuant to the Court's November 1, 2013 order in the above-referenced matter, enclosed with this letter is a DVD containing Progress Documents with Bates Numbers PICOC-00001 to PICOC-00589 pertaining to 109 claims. The DVD also contains a log with respect to portions of these documents we have redacted.

      The claims for which we are producing Progress Documents fall into two categories: (1) twenty failed-bank matters in which Progressive and the FDIC are involved; and (2) 89 non-failed bank matters. With respect to the first category, it was not my understanding from our discussions that you envisioned the other claims discovery you were seeking as encompassing other recent failed-bank matters. Nonetheless, we have included the Progress Documents for these failed-bank matters in today's production out of an abundance of caution. Please let us know whether it is your position that it is necessary for Progressive to review the entire claim file

LOSS, JUDGE & WARD, LLP

Anthony W. Kirkwood
November 21, 2013
Page 2

for each of these failed-bank matters and produce non-privileged portions of those claim files, if any.

      With respect to the second category, the vast majority of these 89 claims are included because they may "involve loans," but there is nothing in the Progress Documents that indicates that the loan loss carve-out was at issue. We are producing the Progress Documents for these 78 claims out of an abundance of caution because it is not clear to us whether the court's order does, in fact, encompass these claims. Because of this lack of clarity we may need to seek clarification from the court as to whether it intended for the order to encompass claims that "involved loans" but that do not appear to have involved the loan loss carve-out.[1]

Very truly yours,

Matthew J. Dendinger

Enclosure (1)

---

[1] For your information, we have obtained from our client and are reviewing the claim files for the other eleven claims in this category.