MORRIS LAW GROUP
Robert McCoy, No. 9121
Email: rrm@morrislawgroup.com
Joni A. Jamison, No. 11614
Email: jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400

LEE, HONG, DEGERMAN, KANG & WAIMEY
Eric D. Olson (*pro hac vice*)
Email: eolson@lhlaw.com
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660
Telephone: (949) 419-8713

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Email: reidya@dicksteinshapiro.com
Catherine J. Serafin (*pro hac vice*)
Email: serafinc@dicksteinshapiro.com
Joseph M. Saka (*pro hac vice*)
Email: sakaj@dicksteinshapiro.com
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200

Attorneys for Intervenor Federal Deposit
Insurance Company as Receiver for
Sun West Bank

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JACKIE K. DELANEY; LARRY E. CARTER; MARK A. STOUT; KENNETH TEMPLETON; JOHN | Case No. 2:11-cv-00678-LRH-PAL<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SUNWEST BANK'S OPPOSITION TO PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO AMEND THE COMPLAINT** |

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

1  SHIVELY; STEPHEN C. KALB;  )
   JEROME F. SNYDER; HUGH   )
2  TEMPLETON; and RICK   )
   DRESCHLER,   )
3     )
4        Defendants.  )
   )

5

6  ## I.    INTRODUCTION

7       Defendant Federal Deposit Insurance Corporation as receiver

8  for SunWest Bank ("FDIC-R") opposes Progressive Casualty Insurance

9  Company's ("Progressive") motion for leave to amend the complaint.

10  Progressive seeks to amend the complaint in four ways.  Three of the four

11  amendments are purely factual updates:  an amendment to indicate FDIC-

12  R intervened in this action; an amendment to reflect FDIC-R has filed a

13  lawsuit against the former directors and officers of the Bank ("D&Os"); and

14  an amendment to reflect that Progressive has recently undertaken the

15  defense of the D&Os, but reserves its rights to seek reimbursement of

16  amounts paid.  FDIC-R does not oppose these factual amendments.[1]  On

17  the other hand, FDIC-R opposes Progressive's motion relating to the fourth

18  amendment that seeks to assert no "Claim" was asserted by FDIC-R against

19  the D&Os.  This new legal argument seeks to dramatically shift

20  Progressive's legal position two and a half years after Progressive filed its

21  complaint and more than three years after FDIC-R made its demand.  The

22  Court should reject such a shift in position this late in the litigation because

23  the proposed amendment is futile, Progressive unduly delayed in asserting

24  the proposed amendment, and the proposed amendment prejudices the

25  defendants.

26

27  [1] FDIC-R reserves the right to contest various allegations related to these
28  issues.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

## II.    FACTUAL BACKGROUND

On October 20, 2011, FDIC-R made a demand by letter to the D&Os.  Progressive attached the letter to the original complaint as Exhibit 2.  FDIC-R's letter states, in part, "this letter is a written demand for payment of monetary civil damages . . . ."  *Id*.

On April 29, 2011, Progressive filed this lawsuit against the D&Os seeking a declaration that the "Claim" was untimely and that two other policy defenses precluded coverage.  On September 1, 2011, Progressive moved for summary judgment.  On or about November 1, 2011, the Court allowed FDIC-R to intervene.  Order (#28).  The Court denied Progressive's motion for summary judgment and ordered the parties to conduct discovery.  Order (#44).[2]

For two and a half years, the litigation has focused on Progressive's three defenses:  whether the Claim was timely made, whether the insured v. insured exclusion applies, and whether the unpaid loan carveout to the definition of "Loss" precludes coverage.  Consistent with these three defenses, Progressive's summary judgment motion was directed to these issues.  Progressive only asserted the "Claim" was not made during the policy period.[3]  Now, after more than two and a half years of litigation, Progressive filed for leave to amend its complaint to, among other things, assert no "Claim" was ever made.

---

[2]  The case was stayed from October 18, 2012 to May 1, 2013.

[3]  Progressive refused to advance defense costs to the D&Os until very recently.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

### III.   ARGUMENT

#### A.   The Amendment to Contest Whether a "Claim" Was Made Is Futile.

The Progressive Policy ("Policy") requires a "Claim" be made during the policy period or discovery period to trigger coverage. A "Claim" is defined in the Policy, in part, as "a written or oral demand for monetary damages or non-monetary relief." There can be no question that FDIC-R's letter fits within the policy requirement of "a written or oral demand for monetary damages" as it states it is a "written demand for payment of monetary civil damages." Progressive routinely referred to FDIC-R's letter as a "Demand" both in the complaint and its motion for summary judgment. Compl. (#1), ¶ 1, 21-25; Pl's Mot. for Summ. J. (#20) at 6-7.

Progressive's proposed basis to amend the complaint to assert for the first time that no "Claim" was made, is that "[d]uring the course of this action, the FDIC has disclosed that at the time it issued the FDIC letter, it had not determined whether it would pursue a claim against the Directors and Officers." Pl's Mot. to Amend (#84) at 5.[4] While FDIC-R disputes this assertion, the argument is legally irrelevant. Progressive's obligation under the Policy arises solely if a "Claim" is made, not whether or how any "Claim" might be pursued. Progressive offers no argument for

---

[4]   FDIC-R clearly stated its demand was subject to change. FDIC-R's October 20, 2010 demand states: "Because the FDIC's investigation is ongoing, the losses caused by the wrongful acts of the Directors and Officers, including those relating to the transactions identified above, are subject to change. The FDIC reserves all of its rights, including, but not limited to, the right to modify and supplement its demand for payment of civil damages against the Directors and Officers. At this time, however, the FDIC estimates losses in the amount of at least $18 million, and demands payment of the same immediately." *See* Compl. (#1), Ex. 2 at 4.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

why the definition of "Claim" has not been met.  Therefore, the proposed amendment to assert there is no "Claim" is futile.  Courts deny proposed amendments if they are futile.  *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008); *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("[a]lthough there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility"); *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996); *Gemini Ins. Co. v. Western Marine Ins. Servs. Corp.*, No. 210-cv-03172, 2013 WL 4012740, at *5 (E.D. Cal. Aug. 6, 2013). Accordingly, the portion of the proposed amendment relating to the "Claim" issue should be denied.

### B.   The Amendment Would Prejudice the Defendants.

Progressive's proposed amendment is a change in position from the position Progressive has been asserting for several years in communications with the Defendants and in filings in this Court. Specifically, as noted above, Progressive has asserted a "Claim" had been made but disputed the "Claim" was timely.  Now Progressive's position is that no "Claim" has been made at all.  This will change the discovery needed in the case.  Progressive apparently seeks to introduce the actions of FDIC-R.  This will lead to entirely new discovery not previously at issue in the case.  Therefore, Progressive's proposed change is prejudicial to the Defendants as it will increase costs and force the Defendants to serve additional discovery to address a defense that had never been asserted before.  *See Parker v. Joe Lujan Enterprises*, 848 F.2d 118, 121 (9th Cir. 1988) (proposed amendment denied as it would force additional off-shore discovery).  In light of this prejudice, the motion to amend should be denied.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

**C.     Progressive Has Unduly Delayed in Bringing the Motion to Amend.**

One "relevant" factor in determining whether to grant leave to amend is whether there has been undue delay in seeking leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In assessing undue delay, one consideration is whether the "moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). In this case, Progressive waited two and a half years to assert its "there was no claim" defense in spite of the fact that it had FDIC-R's demand since October 2010. If it had concerns about whether FDIC-R's letter was a "Claim," it had plenty of time to raise this issue in 2010 and 2011. Courts deny leave to amend when the moving party delays in asserting the proposed amendment. *Parker*, 848 F.2d at 121 (denying leave to amend two and a half years after plaintiff had knowledge of factual basis for proposed amendment); *Chaveriat v. Williams Pipeline Co.*, 11 F.3d 1420, 1428-29 (7th Cir. 1993) (denying motion for leave to amend after two year delay). In this case, Progressive had FDIC-R's demand letter on or about October 2010 and waited more than three years to raise this argument. Progressive's undue delay in asserting its legal theory serves as a basis to deny the portion of the proposed amendment that asserts this new theory.

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

IV.    **CONCLUSION**

For these reasons, FDIC-R requests that the Court deny that portion of the motion to leave to amend that seeks to change Progressive's legal theory of the case and assert no "Claim" was made.

MORRIS LAW GROUP


By   /s/ Joni A. Jamison
    Robert McCoy, No. 9121
    Joni A. Jamison, No. 11614
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada  89101

LEE, HONG, DEGERMAN, KANG
& WAIMEY
Eric D. Olson (*pro hac vice*)
3501 Jamboree Road, Suite 6000
Newport Beach, California  92660

DICKSTEIN SHAPIRO LLP
Andrew M. Reidy (*pro hac vice*)
Catherine J. Serafin (*pro hac vice*)
Joseph M. Saka (*pro hac vice*)
1825 Eye Street NW
Washington, DC  20006

Attorneys for Intervenor Federal
Deposit Insurance Company as Receiver
for Sun West Bank

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SUNWEST BANK'S OPPOSITION TO PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO AMEND THE COMPLAINT**

TO:

Lewis K. Loss
lloss@tljlaw.com
Matthew J. Dendinger
mdendinger@tljlaw.com
Richard W. Boone, Jr.
rboone@tljlaw.com
THOMPSON LOSS & JUDGE,
  LLP
1133 21st Street, NW
Washington, DC  20036

Thomas W. Davis, II
twd@h2law.com
HOWARD & HOWARD
3800 Howard Hughes Parkway
Suite 1400
Las Vegas, Nevada  89169

Attorneys for Plaintiffs

Kevin R. Stolworthy
kstolworthy@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada  89169

Attorneys for Defendants

Nathan R. Reinmiller
nreinmiller@alversontaylor.com
Sabrina G. Mansanas
smansanas@alversontaylor.com
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117

Attorneys for Kenneth Templeton

DATED this 2nd day of January, 2014.

By:____/s/ Patricia Cannon_____