KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
kstolworthy@armstrongteasdale.com
cflynn@armstrongteasdale.com

Attorneys for Defendants Jackie K. Delaney, Larry E. Carter, Mark A. Stout John Shively, Steven C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JACKIE K. DELANEY; LARRY E. CARTER; MARK A. STOUT; KENNETH TEMPLETON; JOHN SHIVELY; STEVEN C. KALB; JEROME F. SNYDER; HUGH TEMPLETON and RICK DRESHLER,<br><br>    Defendants. | CASE NO. 2:11-CV-00678 -LRH-PAL<br><br>**OPPOSITION TO PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF [DOCKET # 84]** |

Defendants Jackie K. Delaney, Larry E. Carter, Mark A. Stout John Shively, Steven C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler ("Defendants") hereby file this Opposition to Progressive Casualty Insurance Company's ("Progressive") Motion for Leave to Amend Its Complaint And Memorandum in Support Thereof [Docket # 84].

## I.

## BACKGROUND

As a preliminary matter, Defendants object to Progressive's Motion to the extent it seeks to "broaden the scope of Count I by adding allegations that the FDIC Letter, in addition to being untimely, was not a Claim as that term is defined under the Policy . . ." *See* Progressive Motion at

Docket # 84, p. 5, ln. 4-7.  As the Federal Deposit Insurance Corporation as Receiver for Sun West Bank ("FDIC") notes in its Opposition to Progressive's Motion to Amend, *see* FDIC Opposition at Docket # 92, Progressive's new proposed allegations raise a legal argument which is not only futile, but which will prejudice the Defendants if permitted to be alleged in a First Amended Complaint.  As set forth below, the Defendants join in the arguments set forth in the FDIC's Opposition relating to futility and prejudice, and the Defendants incorporate by reference the arguments made in Section III of the FDIC's Opposition at Docket # 92 relating to futility and prejudice.

The Defendants also take issue with the proposed First Amended Complaint to the extent it seeks to assert a new cause of action—Cause of Action Number 4—against the Defendants for reimbursement of advanced defense costs.  As will be established below, the proposed claim for reimbursement is futile due to the fact that it is uncontroverted that a potential for coverage exists for the suit filed against the Defendants in the United States District Court, District of Nevada, Case No. 2:13-cv-00924-JCM-VCF (the "FDIC Lawsuit").  Because a potential for coverage exists for the FDIC Lawsuit, Progressive's duty to advance defense costs have been triggered, and any right to reimbursement under the Progressive Policy has been eliminated.

Moreover, the Defendants would be prejudiced in this case if the claim for reimbursement were permitted to proceed.  The Defendants tendered defense of the October 20, 2010 FDIC Demand Letter to Progressive over 3 years ago.  Notwithstanding this fact, Progressive waited close to 3 years before finally agreeing to participate in the Defendants' defense of the FDIC lawsuit.  There was nothing preventing Progressive from agreeing to participate in the Defendants' defense prior to the time the original Complaint was filed in this case, or from seeking declaratory relief for reimbursement at the time the original Complaint in this case was filed.

Instead, Progressive waited until more than 2 years after the original Complaint was filed in this case, and until discovery had been underway for several months, to make a defense determination and to then seek a claim for reimbursement.  The Court should find that Progressive's actions constitute undue delay which will prejudice the Defendants if the claim for reimbursement is permitted to proceed.

/ / /

## II.
## LEGAL STANDARD

It is well-established that "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that "futility of amendment" is grounds to deny a motion to amend) (citation omitted).

The Ninth Circuit has also previously held that the four factors to be considered in denying a motion to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

## III.
## ARGUMENT

### A.
### Joinder In FDIC's Opposition

The Defendants hereby join in the arguments raised by the FDIC in its Opposition to Progressive's Motion to Amend at Docket # 92. The Defendants also incorporate by reference the arguments made by the FDIC in Section III of its Opposition at Docket # 92.

### B.
### The Proposed Claim For Reimbursement Is Futile

The Progressive Policy, which provides Director & Officer ("D&O) liability coverage to the Defendants, was not drafted by Progressive as a traditional duty to defend policy. Instead, the Progressive Policy contains a provision which imposes upon Progressive a "duty to advance defense costs" to an Insured. Specifically, Section IX of the Progressive Policy states in pertinent part as follows:

> **B.    ADVANCEMENT OF DEFENSE COSTS**
>
> Subject to Section XIV, the **Insurer**, if requested by the **Insured**, shall advance covered **Defense Costs** on a current basis, except when advancement of **Defense Costs** is prohibited by law or regulation. The **Insured** shall repay any advanced **Defense Costs** to the **Insurer** in the event it is established that the **Insurer** has no liability under this **Policy** for such **Defense Costs**.

*See* Progressive Policy, Section IX(B), at Progressive's Motion for Summary Judgment, Docket # 20, Exhibit 1.[1] (emphasis in the original).

Although the Progressive Policy imposes upon Progressive a "duty to advance defense costs" as opposed to a "duty to defend," courts have found that there is no distinction between these duties with respect to assessing when the duty has been triggered.  For example, in *Julio & Sons Co. v. Travelers Cas. & Sur. Co. of Am.*, 591 F.Supp.2d 651, 659 (S.D.N.Y. 2008), the district court, reviewing Texas law and comparing the duty to defend to the duty to advance defense costs, found that "the Court has found no decisions by Texas courts concerning a different standard for a duty to advance defense costs . . ."  This case was cited to approvingly by the Fifth Circuit in *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 574 n. 36 (5th Cir. 2010).

Additionally, in *In re WorldCom, Inc. Securities Litigation*, 354 F.Supp.2d 455, 464 (S.D.N.Y. 2005), the district court analyzed a D&O liability policy which contained a duty to advance defense costs rather than a duty to defend.  The district court noted that under New York law, "where a contract of insurance includes the duty defend ***or to pay for the defense of its insured***, that duty is a 'heavy' one." (citations omitted) (emphasis added).  "The duty is independent of the ultimate success of the suit against the insured."  *Id*. (citation omitted).  "The duty of an insurer to pay an insured's defense costs 'is distinct from and broader than its duty to indemnify.'"  *Id*. (citations omitted).  "The duty to pay defense costs 'exists whenever a complaint against the insured alleges claims that may be covered under the insurer's policy.'"  *Id*. (citation omitted). Furthermore, the district court held that "under a D&O Policy with a duty to advance defense costs provision, 'the insurance company's obligation to reimburse the directors attaches as soon as the attorneys' fees are incurred.'"  *Id*. at 464-65 (citations omitted).

Similar to New York law, Nevada law holds that "the duty to defend is broader than the duty to indemnify."  *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 620-21 (2011) (alterations and citation omitted).  "In other words, as a general rule, an insurer's duty to defend is triggered whenever the ***potential*** for indemnification arises, and it continues until this ***potential*** for indemnification ceases."

---

[1] The Defendants reference Docket #20 because a complete copy of the Policy, authenticated by Progressive, was attached as an exhibit to Progressive's Motion for Summary Judgment.

1  *Id*. (citations omitted) (emphasis added); *see also United National Ins. Co. v. Frontier Ins. Co., Inc.*,
2  120 Nev. 678, 687, 99 P.3d 1153, 1158 (2004) (holding that the duty to defend is not triggered only
3  when there is "no potential for coverage.").

4        It follows from these cases that under Nevada law, Progressive's duty to advance defense
5  costs is triggered so long as a "potential for coverage" exists under the Progressive Policy.  Here, it is
6  clear that a potential for coverage exists for the FDIC lawsuit.  Indeed, Progressive has essentially
7  admitted that a potential for coverage existed for the FDIC lawsuit when it finally decided on
8  December 6, 2013, after nearly 3 years, to advance defense costs to the Defendants under Section IX
9  of the Progressive Policy.  *See* Progressive's correspondence attached hereto as **Exhibit "A.";** *see*
10 *also* Progressive's proposed First Amended Complaint at Docket #84, Exhibit 1, ¶ 57 ("Upon
11 request, Progressive has agreed to advance Defense Costs to the Directors and Officers . . .").
12 Notwithstanding this acknowledgement, it also became clear that there was a potential for coverage
13 for the FDIC lawsuit when this Court denied Progressive's Motion for Summary Judgment on
14 August 20, 2012.  *See* Docket # 44.

15       The fact that the duty to advance defense costs has been triggered due to there being a
16 potential for coverage for the FDIC lawsuit is critical to this Court's analysis of Progressive's
17 proposed claim for reimbursement.  Under the Progressive Policy, the Insured is only required to re-
18 pay advanced defense costs in "the event it is established that the **Insurer** has no liability under this
19 **Policy** for such **Defense Costs**."  *See* Progressive Policy, Section IX(B), at Progressive's Motion for
20 Summary Judgment, Docket # 20, Exhibit 1 (emphasis in the original).

21       Accordingly, Progressive would only be entitled to reimbursement of advanced defense costs
22 under Section IX if Progressive were able to prove that it advanced defense costs for a claim in which
23 a potential for coverage did not exist under the Progressive Policy.  This makes sense, because as the
24 district court noted in *WorldCom, Inc.*, the duty to advance defense costs is "independent of the
25 ultimate success of the suit against the insured." 354 F.Supp.2d at 464.

26       Any other reading of the Progressive Policy would render the Progressive Policy illusory.  For
27 example, if Progressive were able to recover advanced defense costs for claims ultimately not
28 covered, but for which there was a potential for coverage, then the duty to advance defense costs

would be rendered meaningless.  Indeed, Progressive would only be deprived of its right of reimbursement under this hypothetical if Progressive advanced defense costs for ultimately covered claims.  If this was the language that Progressive had wanted in the Policy, then Progressive should have expressly stated that the right to reimbursement exists for advanced defense costs "in the event it is established that the **Insurer** has no liability for indemnification under this **Policy**" instead of saying "in the event it is established that the **Insurer** has no liability under this **Policy** *for such* ***Defense Costs***." (bold in the original, italics added).

Thus, because the duty to advance defense costs has been triggered, Progressive will not be entitled to recover as a matter of law for a claim of reimbursement in this case.  Since Progressive's claim for reimbursement fails as a matter of law, this Court should find that it would be futile to permit Progressive to assert the claim in this case.

## C.

**Even Assuming The Claim For Reimbursement Is Not Futile, The Claim For Reimbursement Should Not Be Permitted To Proceed Because It Will Prejudice The Defendants**

As the Court is likely aware, the FDIC Lawsuit stems from an earlier written Demand Letter made by the FDIC to the Defendants dated October 20, 2010.  The Defendants promptly tendered the FDIC Demand Letter to Progressive for a coverage and defense determination.  *See* Defendants' tender letter attached hereto as **Exhibit "B."**  On December 14, 2010, Progressive and its managing agent, ABA Insurance Services, Inc., acknowledged receipt of the claim, but made a preliminary (not a final) coverage determination that there would be no coverage under the Policy.  *See* Progressive's correspondence attached hereto as **Exhibit "C."**  Progressive's letter did not address whether it would agree to advance defense costs under Section IX of the Progressive Policy.

On January 31, 2011, the Defendants wrote Progressive a letter in which they took issue with Progressive's preliminary coverage analysis, and in which they reiterated their request for Progressive to participate in their defense.  *See* Defendants' correspondence attached hereto as **Exhibit "D."**  The Defendants did not receive a formal response to their January 31, 2011 letter.

/ / /

/ / /

In fact, rather than agreeing to participate in the Defendants' defense as required by Section IX of the Policy, Progressive decided to file the instant declaratory relief action on April 29, 2011. Notably, Progressive did not seek declaratory relief that it would be entitled to reimbursement of defense costs.

On December 6, 2013, more than 3 years after the FDIC Demand Letter had been made, and more than 3 years after the Defendants had tendered defense of the FDIC Demand Letter to Progressive, Progressive finally agreed to participate in the Defendants' defense pursuant to a reservation of rights. *See* Exhibit A. During the time period between the issuance of the FDIC Demand Letter and the filing of the FDIC lawsuit, the Defendants were left to seek other resources to pay for their attorneys' fees and costs to defend against the FDIC's pre-litigation investigation.

Therefore, despite knowing for several years that (1) the Insureds were seeking advancement of defense costs for the FDIC's claim and (2) that it would seek reimbursement from the Defendants should it choose to advance defense costs to the Defendants, Progressive waited until the week before the deadline to amend pleadings in this case to agree to advance defense costs (*see* Exhibit A), and until the actual deadline to amend pleadings to seek to leave of this Court to file a claim for reimbursement from the Defendants.

The Court should find that Progressive's tactic of waiting for more than 3 years to advance defense costs and then seek a claim for reimbursement constitutes undue delay. There was nothing prohibiting Progressive from agreeing to advance defense costs to the Defendants 3 years ago, or from seeking reimbursement when this lawsuit was initially filed in April, 2011.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based upon the foregoing reasons, the Defendants request that leave to amend be denied to the extent Progressive seeks to add new allegations relating to the FDIC Demand Letter not constituting a claim, and also to the extent Progressive seeks to introduce a new cause of action for reimbursement of advanced defense costs.

DATED: January 2, 2014.                    ARMSTRONG TEASDALE LLP


By: /s/ *Kevin R. Stolworthy*
    KEVIN R. STOLWORTHY
    Nevada Bar #2798
    CONOR P. FLYNN
    Nevada Bar #11569
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, NV 89169

    Attorneys for Defendants Jackie K. Delaney, Larry E. Carter, Mark A. Stout John Shively, Steven C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of January, 2014, the foregoing **OPPOSITION TO PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF [DOCKET # 84]** was served on the party(ies) Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures ☒ via electronic service or ☐ by mailing a copy thereof, first class mail, postage prepaid, to:

Nathan Reinmiller  efile@alversontaylor.com, nreinmiller@alversontaylor.com

Thomas W. Davis, II  twd@h2law.com, bd@h2law.com, hvd@h2law.com

Robert R. McCoy  rrm@morrislawgroup.com, hrs@morrislawgroup.com

Joni A Jamison  jaj@morrislawgroup.com, pac@morrislawgroup.com

Sabrina G Mansanas  efile@alversontaylor.com

Richard W. Boone, Jr  rboone@ljwllp.com

Lewis K Loss  lloss@ljwllp.com, jfitzpatrick@ljwllp.com, mdendinger@ljwllp.com

Matthew J Dendinger  mdendinger@ljwllp.com, jfitzpatrick@ljwllp.com, lloss@ljwllp.com

Eric D. Olson  eolson@lhlaw.com, melissa.wells@lhlaw.com

Andrew M Reidy  reidya@dicksteinshapiro.com, DCLitigationDocketing@dicksteinshapiro.com

Catherine J Serafin  serafinc@dicksteinshapiro.com

Joseph Mark Saka  sakaj@dicksteinshapiro.com

/s/*Sheila A. Darling*
An employee of Armstrong Teasdale LLP