UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>                                          Plaintiff,<br><br>v.<br><br>JACKIE K. DELANEY, et al.,<br><br>                                          Defendants. | Case No. 2:11-cv-00678-LRH-PAL<br><br>**ORDER**<br><br>(Emg Mot Clarification – Dkt. #141) |

Before the court is Plaintiff Progressive Casualty Insurance Company's Emergency Motion for Clarification (Dkt. #141) which requests clarification of the court's oral ruling at a hearing conducted May 6, 2014, on the FDIC's Motion to Compel (Dkt. #116).

The court granted the motion to compel in part as memorialized in Minutes (Dkt. #136) prepared by the undersigned's courtroom deputy. Counsel for Progressive represents that it is working diligently to collect, review and prepare the documents ordered produced, and is on track to produce them along with a privilege log by the court's May 20, 2014 deadline. However, the FDIC did not understand the court's order to address a separate issue that has not yet been briefed, that is—whether Progressive should be required to restore email files of former employees of Progressive's Professional Liability Group ("PLG") and search files for potentially responsive documents related to the motion to compel from backup tapes.

Having reviewed the matter, counsel for Progressive is correct. The court has not yet ruled on this separate request from counsel for the FDIC-R who has acknowledged that the parties have not finished discussing issues related to restoring and retrieving documents from backup tapes for these custodians. If the parties are unable to reach an agreement after fulfilling

1   their meet-and-confer obligations, the matter will be separately addressed either in a joint status
2   report articulating the parties' respective positions, or in an appropriate motion.
3       **IT IS ORDERED** that Progressive's Motion for Clarification (Dkt. #141) is
4   **GRANTED**.  The court's May 6, 2014 Order did not require Progressive to restore PLG email
5   files stored on backup tapes and search those files for pertinent communications with the
6   reinsurers.
7       DATED this 19th day of May, 2014.

                                                      PEGGY A. LEEN
                                                      UNITED STATES MAGISTRATE JUDGE