1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   PROGRESSIVE CASUALTY INSURANCE             Case No. 2:11-cv-00678-LRH-PAL
    COMPANY,
8                                                           ORDER
                                    Plaintiff,
9        v.                                          (Mot Compel – Dkt. #184)

10  JACKIE K. DELANEY, et al.,

11                                  Defendants.

12

13          The court held a hearing on Plaintiff Progressive Casualty Insurance Company's Motion

14  to Compel Production of Documents and Interrogatory Responses (Dkt. #184) on October 21,

15  2014.  Matthew Dendinger and Jason Lyland appeared on behalf of the Plaintiff, and Kevin

16  Stolworthy, Robert McCoy and Andrew Reidy appeared on behalf of the Defendants.  The court

17  has considered the Motion (Dkt. #184), the FDIC's Response (Dkt. #190), Progressive's Reply

18  (Dkt. #191) and the arguments of counsel at the hearing.

19                                      **BACKGROUND**

20          This case is one of nine declaratory relief actions filed by Progressive in various federal

21  district courts arising out of failed banks taken over by the FDIC as receiver.  Progressive seeks a

22  judicial declaration that its Directors & Officers Company Liability Insurance Policy for

23  Financial Institutions issued to various failed banks and other named insureds does not provide

24  coverage for lawsuits the FDIC-R has initiated against former directors, officers and employees

25  of failed banks.  Progressive asserts that its insured versus insured exclusion and a "loan loss

26  carve out" from the definition of loss in the policy precludes coverage of the FDIC-R's claims.

27  This action involves the failure of Sun West Bank.

28

In the current motion, Progressive seeks to compel the FDIC-R to answer interrogatories and requests for production of documents directed at discovery of a new claim asserted in its first amended complaint.  Over the FDIC-R's objections, the district judge granted the motion to amend the complaint.  The amended complaint alleges that the FDIC-R's October 20, 2010 receiver's letter to Progressive's insureds was not a bona fide present demand against the insureds and therefore not a "claim" made against Progressive's policy during the policy period which expired October 21, 2010.  Progressive's amended complaint alleges that if the receiver's letter was not a timely-made claim, its policy provides no coverage.  The allegations are based on the FDIC's internal processes and procedures which Progressive alleges require the approval of the FDIC 's board of directors or designee before a claim can be asserted, and/or a lawsuit filed. This authority was not received until well after the October 20, 2010 receiver's letter was sent.

Progressive propounded discovery aimed at establishing its claim that the FDIC-R engaged in a calculated effort to present its October 20, 2010 letter as if it were an actual claim when, in actuality, it was no more than a time-barred notice of a potential claim.  Progressive served its second request for production of documents and second set of interrogatories to the FDIC-R along with a subpoena to the FDIC in its corporate capacity.  Progressive argues the FDIC-R responded to these discovery requests asserting numerous boilerplate objections, produced a mere four documents totaling eleven pages, and provided non-responsive information.  After numerous meet-and-confer sessions the FDIC supplemented its responses on July 2, 2014, and again on October 10, 2014.  However, Plaintiff still seeks an order to compel further Responses to Interrogatories 1-4 and 9.

Progressive also seeks an order compelling the FDIC-R to respond and produce documents responsive to Request for Production Nos. 1-12 and 28, which generally seek discovery of processes, procedures and internal rules regarding: (1) issuance of orders of investigations; (2) investigations by the FDIC as receiver of a failed bank pursuant to such orders of investigations; (3) the issuance of purported claim or demand letters such as the receiver's letter to former directors and officers of failed banks; (4) the filing of lawsuits against former

1  directors and officers of failed banks; and (5) the settlement of claims brought against former
2  directors and officers of failed banks.

3       Progressive also seeks to compel further Responses to Requests 13-27, and 29 which seek
4  documents and communications concerning the FDIC-R's implementation of these general
5  policies, procedures and rules, specifically with respect to Sun West Bank and its former Ds &
6  Os.

7       The FDIC-R resists discovery and asks the court deny the motion to compel on several
8  grounds.  First, the FDIC-R claims Progressive did not engage in meet-and-confer on the
9  sufficiency of the FDIC-R's privilege log or about its so-called "boilerplate" objections.  On the
10 merits, the FDIC contends that although it disputes the relevance of the interrogatories at issue, it
11 has fully responded to the interrogatories and provided the information requested.  With respect
12 to the request for productions of documents, the FDIC claims that, although it believes all of
13 these requests are irrelevant, it undertook reasonable efforts to search for responsive information,
14 and produced or logged documents it located on a privileged document log, and will be
15 producing additional documents and a privilege log.  The FDIC-R also argues that Progressive's
16 document requests do not seek relevant information, are overly broad, and that the court should
17 exercise its authority under Rule 26(b)(2)(C)(i) to limit the requests which are unreasonably
18 cumulative or duplicative, or can be obtained through more convenient, less burdensome, or less
19 expensive means.

20                                    **DISCUSSION**

21       The count has carefully reviewed the moving and responsive papers and voluminous
22 exhibits, including the responses and supplemental responses.  The court finds that Progressive's
23 discovery requests are relevant and discoverable within the meaning of Rule 26(b)(1).  The
24 FDIC-R resists discovery on many of the same grounds it resisted Progressive's motion to file an
25 amended complaint.  However, the district judge granted leave to amend, and the discovery
26 Progressive seeks is designed to establish a developed record on which to assert its newly-
27 alleged claim that the receiver's demand letter was not a bona fide demand constituting a "claim"
28 as defined by the policy made within the policy period that triggered coverage.

1    The FDIC provided substantive Responses to Interrogatories Nos. 1-4 and 9.  However,

2    although the responses are lengthy and focus on its position that the FDIC had authority pursuant

3    to statute to take the actions it took, the responses do not fundamentally answer the questions

4    asked.  Its Answer to Interrogatory No. 1 does not answer the question about its position whether

5    an FDIC receiver has the authority to issue a "demand" for civil damages to a failed bank's

6    former directors and officers without formal authorization by the FDIC, the FDIC's board of

7    directors, or the board of directors' designee.

8    Answer to Interrogatory No. 2 describes the process the FDIC as receiver conducts

9    following a bank failure.  It does not, however, answer the question of what authority the

10   receiver of a failed bank has to accept payments as civil damages from a failed bank's directors,

11   officers and/or employees in the absence of authorization from the FDIC, the FDIC's board of

12   directors, or the board of directors' designee.  The FDIC-R's answer states that final approval of

13   lawsuits against former officers and directors requires approval of the FDIC board of directors,

14   and that this only occurs after "a rigorous review of the factual circumstances surrounding the

15   failure" of the failed bank.  However, it does not answer the question of the FDIC-R's authority

16   in the absence of board approval.  Its answers are evasive and incomplete because the FDIC-R

17   acknowledges that, although it became a receiver on May 28, 2010, sent a demand letter to the

18   Ds & Os in this case on October 20, 2010, the "rigorous investigation" had not yet been

19   completed and the FDIC had not authorized filing a lawsuit.

20   Answer to Interrogatory No. 3 similarly is evasive and non-responsive in not answering

21   the question of when the FDIC-R obtained authority from the FDIC's board of directors or

22   designee to demand payment of civil damages from the Ds& Os in this case.  The FDIC-R's

23   answers seem to suggest that it takes the position it has statutory authority once appointed as

24   receiver to take many actions including making pre-suit demands, but that "final approval" for its

25   actions may occur much later.  If it is the FDIC-R's position that it has authority to act without

26   receiving the formal authorization of the FDIC or board of directors or board of director's

27   designee to demand payment, and to accept payment of civil damages subject to later

28

1  authorization of the FDIC, the FDIC board of directors, or board of director's designee, it should

2  plainly so state.

3      Interrogatory No. 9 asks the FDIC-R to identify each person involved in seeking or

4  granting the authorizations referred to in Interrogatories Nos. 1-4.  The FDIC-R identifies John

5  Letteri as the individual authorized to demand payment from the former directors and officers of

6  Sun West Bank.  It also identifies a number of individuals involved in the order of investigation

7  which was entered approximately two years after the initial demand was made.  If the FDIC-R

8  did not seek formal authorization from the FDIC, the FDIC's board of directors or the board of

9  director's designee before it demanded payment,  it must simply so state.

10      With respect to the Request for Production of Documents, the court finds the majority of

11  the requests are appropriately designed to obtain discovery about the claim the district judge

12  allowed to be asserted in the amended complaint.  The requests are overbroad to the extent they

13  seek "all documents," and the court will modify the requests to require Progressive to provide

14  supplemental responses which provide documents "sufficient to" provide the requested

15  information.   The court will therefore compel the FDIC-R to supplement its responses to

16  Progressive's second request for production of document Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 17, 19,

17  20, 21, 22, 23, and 24.

18      **IT IS ORDERED** that:

19      1.  Progressive's Motion to Compel is **GRANTED in part** and **DENIED in part**

20         consistent with the body of this order.

21      2.  The FDIC-R shall have until **November 11, 2014**, in which to supplement its

22         discovery responses as ordered.  Any documents withheld shall be identified in a

23         privileged document log which shall fully comply with the requirements of Rule

24         26(b)(5).

25  / / /

26  / / /

27  / / /

28  / / /

3.   Objections asserted for the first time in the FDIC-R's third supplemental responses are **OVERRULED, WAIVED and STRICKEN**.

DATED this 23rd day of October, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE