UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | 2:11-CV-0678-LRH-PAL |
| v. | ORDER |
| JACKIE K. DELANEY; *et al.*, | |
| Defendants. | |

Before the court is plaintiff Progressive Casualty Insurance Company's ("Progressive") motion to dismiss counterclaims. Doc. #138.[1] Defendant Kenneth Templeton ("Templeton") filed an opposition to the motion (Doc. #156) to which defendants Jackie K. Delaney, Larry E. Carter, Mark A. Stout, John Shively, Steven C. Kalb, Jerome F. Snyder, Hugh Templeton, and Rick Dreschler (collectively "director and officer defendants") joined (Doc. #158). Progressive then filed a reply. Doc. #169.

**I.   Facts and Procedural History**

This is a declaratory relief action brought by plaintiff Progressive to determine whether a company liability insurance policy issued by Progressive to defendant Sun West Bank ("Sun West") covers an underlying claim made by the Federal Deposit Insurance Corporation[2]

---

[1] Refers to the court's docket entry number.

[2] The FDIC is currently operating as the receiver for Sun West.

("FDIC") against Sun West's board of directors and company officers, the individual defendants in this action.

On April 29, 2011, Progressive filed the underlying complaint for declaratory relief. Doc. #1. On June 13, 2011, Templeton and the other director and officer defendants filed a consolidated answer to Progressive's complaint. Doc. #13. This action was then stayed to allow time for the FDIC to complete its investigation into Sun West.

After the investigation, Progressive filed a motion to amend on December 13, 2013. Doc. #84. Progressive then filed its first amended complaint on March 26, 2014. Doc. #114. On April 9, 2014, the director and officer defendants filed an answer to the amended complaint along with five counterclaims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of the implied covenant of good faith and fair dealing - tort damages; (4) violation of N.R.S. 686A.310; and (5) declaratory relief. Doc. #122. Also on April 9, 2014, defendant Templeton filed his separate answer to the amended complaint along with four counterclaims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing - contract damages; (3) breach of the implied covenant of good faith and fair dealing - tort damages; and (4) violation of N.R.S. 686A.310. Doc. #124. All defendants also sought punitive damages against Progressive. *See* Doc. ##122, 124. Thereafter, Progressive filed the present motion to dismiss. Doc. #138.

**II.      Legal Standard**

Progressive seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

Defendants' counterclaims for breach of contract and breach of the implied covenants of good faith and fair dealing are based on Progressive's alleged breach of the terms of the Sun West company liability policy, namely, the alleged failure by Progressive to timely acknowledge coverage under the policy and alleged failure to timely and completely participate in the defendants' defense of the FDIC investigation. Similarly, defendants' counterclaim for a violation

3

of NRS 686A.310, Nevada's unfair practices act, is based on Progressive's alleged failure to timely communicate with defendants and make a prompt coverage determination.

In its motion to dismiss, Progressive argues that these counterclaims should be dismissed because it is currently participating in defendants' defense pursuant to a reservation of rights and has recently begun advancing reasonable and necessary defense costs. Thus, Progressive argues that while it is true that it has not made a final coverage determination, its decision to proceed under a reservation of rights does not and cannot constitute a breach of any provision of the policy or constitute conduct that is contrary to, or in contravention of, the purpose of the policy. Therefore, Progressive argues that the court should dismiss these counterclaims in their entirety.

The court has reviewed the documents and pleadings on file in this matter and finds that Progressive's motion is premature. The issues identified in the counterclaims require an interpretation of the policy language and how coverage is to be applied. For example, a determination that Progressive did not breach the policy or act contrary to the policy's purpose requires information not presently before the court including how and when Progressive became aware of the FDIC's investigation, what the nature of the FDIC's investigation entailed, what claims against the defendants are being sought by the FDIC, and how and when Progressive decided to act pursuant to a reservation of rights and began advancing defense costs. The counterclaims encapsulate the same coverage issues that Progressive seeks a determination about in its complaint. Yet, the circumstances surrounding the application of coverage is still being developed. Therefore, the court finds that it would be more appropriate to address all of the parties' claims at the same time when the court has all of the necessary and relevant information before it. Accordingly, the court shall deny Progressive's motion.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. #138) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE